**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | **CASE NO.: 26-51801-KS** |
| **ASHLEY RENEE BOSARGE** | **CHAPTER 7** |
| **ANTHONY LEWIS, MASHELLDA LEWIS, AND GULF SOUTH LAW FIRM, PLLC** | **MOVANTS** |
| **V.** | |
| **ASHLEY RENEE BOSARGE** | **RESPONDENT** |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW INTO COURT, come Movants, Anthony Lewis, Mashellda Lewis, and Gulf South Law Firm, PLLC, through counsel, and submit this Motion for Relief from Automatic Stay, as follows:

1. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §362(d), and this proceeding has been filed and served in accordance with Fed. R. Bankr. P. 4001(a)(1), 9014, and 7004. Movants are in full compliance with Uniform Local Rule 4001-1(a).
2. Debtor filed her Petition under Chapter 7 of the U.S. Bankruptcy Code on October 28, 2026.
3. Debtor is an adult resident citizen of Jackson County, Mississippi.
4. On or about February 12, 2026, Debtor was involved in an auto accident in Gulfport, Mississippi, with Movants, Anthony Lewis and Mashellda Lewis. Anthony Lewis and Mashellda Lewis filed a Complaint against Debtor in the Circuit Court of Harrison County, Mississippi on August 12, 2026. **Exhibit 1, Complaint.**

5. Anthony Lewis and Mashellda Lewis retained Gulf South Law Firm, PLLC and the undersigned counsel as their counsel in connection with the subject auto accident and personal injury claim. **Exhibit 2, Contract with Gulf South Law Firm.** Therefore, Gulf South Law Firm has a lien over the proceeds of the underlying Circuit Court suit and is a creditor in this action.
6. At the time of the February 12, 2026 auto accident, Debtor was insured through a personal automobile liability policy issued by Foremost Insurance Group. **Exhibit 3, 02/19/26 Foremost correspondence.**
7. Movants here seek an Order of this Court granting relief from the automatic stay. Specifically, Movants seek relief from the stay to proceed against Debtor as a nominal defendant only in the Circuit Court action. Movants seeks to recover from Debtor's auto insurance liability policy issued by Foremost, only, and further, Movants submit that they do not seek any recovery from Debtor in her individual capacity. Likewise, Movants will seek no recovery in excess of the underlying insurance coverage afforded to Debtor.
8. Generally, a creditor may proceed against a debtor in a nominal capacity when an insurer bears the costs and the debtor faces no personal liability. *In re: Edgeworth,* 993 F.2d 51 (5th Cir. 1993); 11 U.S.C. § 362. Here, Movants seek to recover against the Foremost insurance policy only and would seek no judgment against Debtor in her personal and nominal capacity.

**WHEREFORE, MOVANTS PRAY** for an Order of this Court granting relief from the automatic stay and allowing Movants to proceed against Debtor as a nominal defendant only in the Circuit Court action;

**MOVANTS FURTHER PRAY** for all other orders and decrees this Court deems reasonable and necessary.

RESPECTFULLY SUBMITTED, this the 2nd day of November, 2026.

By: _/s/ J. Heath Sullivan_

J. HEATH SULLIVAN (MSB# 105226)
Gulf South Law Firm, PLLC
1423 24th Avenue
Gulfport, MS 39501
Phone: (228) 207-2880
Fax: (228) 206-2365
Email: heath@gulfsouthlaw.com
*Attorney for Creditors, Anthony Lewis,*
*Mashellda Lewis, and*
*Gulf South Law Firm, PLLC*

**Certificate of Service**

I hereby certify that on this date I filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice to the following:

Thomas Carl Rollins, Jr.
Email: trollins@therollinsfirm.com
*Attorney for Debtor, Ashley Renee Bosarge*

George Adam Sanford
Email: trustee@mcraneymcraney.com
*Chapter 7 Trustee*

United States Trustee
Email: USTPRegion05.JA.ECF@usdoj.gov

Respectfully submitted this 2nd day of November, 2026.

_/s/ J. Heath Sullivan_
Of Counsel